The Honorable Brent Davis Prosecuting Attorney Second Judicial Circuit 1021 S. Main Jonesboro, AR 72401
Dear Mr. Davis:
This is in response to Deputy Prosecuting Attorney Allen Warmath's request, on behalf of the Greene County Judge, for an opinion regarding public input prior to action taken by the quorum court at public meetings. The request indicates that Greene County currently allows public input at or near the end of each quorum court meeting. Your specific questions are set out below and answered in the order posed:
 1. Does Arkansas law require public input prior to any action of the quorum court or is the law geared toward requiring public input prior to passing ordinances?
 2. At what point in time during a meeting should the public be allowed to comment?
It is my opinion, in response to your first question, that A.C.A. 14-14-109 requires an opportunity for citizen participation at quorum court meetings "prior to final decisions" of the court.
Your questions require an initial consideration of the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A.25-19-101 — 107 (Repl. 1992). Section 25-19-106(a) of the FOIA states that:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all . . . counties . . . shall be public meetings.
Thus, while the Act requires that meetings of the quorum court be open to the public, it does not specifically address the issue of citizen participation.
As noted by J. Watkins in The Arkansas Freedom of Information Act (m m Press, 1988) at 173,
 Because the FOIA requires that meetings be open to the public, anyone has the right to attend the sessions. . . . The right to attend a meeting, however, does not carry with it the right to participate in it. As a 1969 Attorney General's opinion [Op. Att'y Gen. (June 2, 1969)] points out, the FOIA `does not grant public participation in governmental meetings, but rather only provides that the public has a right to be informed of the actions of the governmental entity involved.'
Another state statute does, however, guarantee a right of public participation with regard to county quorum court meetings. Arkansas Code Annotated 14-14-109 (1987) states in pertinent part that:
 (a)(1) All meetings of a county government governing body, board, committee, or any other entity created by, or subordinate to, a county government shall be open to the public except as provided in subdivision (2) of this subsection.
 (2) A meeting, or part of a meeting, which involves or affects the employment, appointment, promotion, demotion, disciplining, dismissal, or resignation of a county government official or employee need not be open to the public unless the local government officer or employee requests a public meeting.
 (b) In any meeting required to be open to the public, the county quorum court, committee, board, or other entity shall adopt rules for conducting the meeting which afford citizens a reasonable opportunity to participate prior to the final decision. [Emphasis added.]
Accordingly, the quorum court is required to allow a reasonable opportunity for citizen participation at its meetings and it should adopt rules to this effect. The statute requires an opportunity to participate "prior to the [court's] final decision."
It is my opinion, with regard to your second question, that14-14-109(b) requires quorum courts to address the issue of when the public may comment by local rule as well. The only time requirement of subsection 109(b) is that of providing an opportunity for participation "prior to final decision" of the court.
In noting that the right to attend a meeting is subject to reasonable restrictions, this office has stated that a governing body has the right "to conduct its meetings in an orderly manner and to be free from unwarranted interference in the conduct of its affairs." Op. Att'y Gen. 77-86. Accordingly, the quorum court may, in my opinion, consistently with the FOIA, adopt rules dealing with when the public may participate with regard to quorum court meetings.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh